IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMES ALLEN GRIMES,

       Plaintiff,

v.                                          CASE NO. 4:15-cv-203-WS-GRJ

LEON COUNTY SHERIFF'S OFFICE,
et al.,

       Defendants.

_____/

## <u>REPORT AND RECOMMENDATION</u>

      Plaintiff James A. Grimes, SPN #236842, a pretrial detainee at the Leon County Jail, initiated this case by filing a *pro se* Complaint pursuant to 42 U.S.C. § 1983 and seeks leave to proceed as a pauper.  Docs. 1, 2.   Plaintiff's motion for leave to proceed as a pauper is deficient because he failed to provide inmate account information in support of the motion.  *See* Doc. 2.  The Court will not require Plaintiff to correct this deficiency because this case is due to be dismissed pursuant to the 28 U.S.C. § 1915(g) three-strikes bar.

      Plaintiff executed the civil rights complaint form under penalty of perjury.  Doc. 1 at 19.   Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding previous lawsuits.  *Id*. at 3.  Section IV. B & C. require prisoners to disclose whether they have initiated actions in federal or state court "with the same or similar facts/issues involved in this action," or "that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life,

whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)[.]" *Id*. at 3-4.  Section IV. D. of the complaint form requires prisoners to disclose whether they have "had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service," and if so to identify each case so dismissed.  *Id*.

Plaintiff indicated that he has filed a few cases in State court, but provided no identifying information regarding such cases, and annotated "lost document" instead of responding to the questions.  Doc. 1 at 3-4.

A review of the Court's PACER Case Locator reflects that Plaintiff is subject to the three-strikes bar of 28 U.S.C. § 1915(g).  *See James Allen Grimes v. Crosby*, Case No. 4:04-cv-93-RH-WCS Doc. 4 (4/27/04) (Report and Recommendation imposing three-strikes bar and recounting cases that qualified as "strikes"); Doc. 7 (7/3/04) (order adopting Report and Recommendation).  Plaintiff filed *Grimes v. Crosby* while he was confined in the Department of Corrections pursuant to Broward County criminal convictions.  At that time, Plaintiff was assigned DOC # 633617.  *See id*.  A review of the Leon County Jail inmate locator reflects that one of Plaintiff's aliases is "James Allen Grimes," the name by which he is also identified in the DOC inmate locator and the name under which he filed the prior case.  Further, both the Leon County Jail and DOC inmate locators include a photograph of Plaintiff and the Court takes judicial notice that the photographs are of the same individual.

Because Plaintiff is subject to the three-strikes bar, he is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical

injury." 28 U.S.C. § 1915(g). The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). The Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.,* and vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception. *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

Liberally construed, the Complaint as a whole does not allege any facts that suggest that Plaintiff is in imminent danger of serious physical injury. The Complaint is devoid of any meaningful factual allegations, but Plaintiff's claims appear to stem from the process by which the Leon County Jail screens its employees for security clearance, and Plaintiff's due process rights in connection with the jail grievance

process.  *See* Doc. 1.   Such allegations are plainly insufficient to overcome the three-strikes bar.  Accordingly, the Court concludes that Plaintiff is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from bringing this case as a pauper.  A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

In light of the foregoing, it is respectfully **RECOMMENDED** that leave to proceed as a pauper (Doc. 2) should be **DENIED,** that this case should be  **DISMISSED WITHOUT PREJUDICE** pursuant to the 28 U.S.C § 1915(g) three-strikes bar, and that all pending motions should be terminated.

**IN CHAMBERS** this 28th day of April 2015.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**